Jennifer Meredith (JM 4816)
**Meredith & Keyhani, PLLC**
330 Madison Avenue
6th Floor
New York, New York 10017
Telephone (212) 760-0098
Facsimile (212) 202-3819

Attorneys for Plaintiff
Pitbull Productions, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
PITBULL PRODUCTIONS, Inc.,          :
        Plaintiff,          :
  v.                                  :
                            :
                            :
Enrique Cruz individually           :   **COMPLAINT**
and d/b/a Enrique Cruz presents,    :
        Defendant.          :
------------------------------------------------x

      Plaintiff Pitbull Productions, Inc. ("Pitbull"), by its attorneys Meredith & Keyhani, PLLC, as and for its complaint against Defendants alleges as follows:

## THE PARTIES

      1.    Plaintiff, Pitbull Productions, Inc. ("Pitbull"), is a company organized and registered in Delaware under the laws of Delaware with a place of business at 200 East 116th Street, Suite 2N, New York, New York 10029.

      2.    On information and belief, Defendant, Enrique Cruz is an individual with a place of business at 244 Fifth Avenue, Suite a252, New York, New York 10001.

1

3. On information and belief, Defendant, Enrique Cruz is the owner of Enrique Cruz presents with a place of business at 244 Fifth Avenue, Suite a252, New York, New York 10001.

### JURISDICTION AND VENUE

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, §1338, and §1367 as the present case arises under the Lanham Act, 15 U.S.C. §1051 et seq., as amended, 15 U.S.C § 1051 et seq., trademark infringement, false designation of origin and unfair competition arising out of the Lanham act and under the common law of the State of New York and as is hereinafter more fully described.

5. On information and belief, Cruz actively targets the New York market and consumers.

6. On information and belief, Defendants have committed acts of trademark infringement and violated unfair competition laws in this district.

7. On information and belief, Defendants are subject to the jurisdiction of this Court, and venue is proper in this District pursuant to 28 U.S.C. §1391.

### FACTUAL BACKGROUND

8. Pitbull repeats and realleges the allegations contained in the preceding paragraphs in this Complaint as though the same were fully rewritten herein.

9. Pitbull, is a company dedicated to homosexual adult entertainment websites and movies.

10. Cyber Graphics Industries is a subsidiary and predecessor company of Pitbull.

11.  Pitbull is owned and operated by Edward Desmond. Desmond Dec. ¶1.

12.  Plaintiff has various registered trademarks for THUG PORN, including Trademark Registrations 2,938,064 and 2,934,966.

13.  Plaintiff has various other trademark applications for THUG PORN, including Serial Numbers 78/337,523 and 78/627,873.

14.  Tyrome Glenn purchased and registered the domain name www.thugporn.com around December 17, 1998. Glenn Dec. 3¶ and Desmond Dec. 6¶.

15.  Around 2000 to 2001, Mr. Glenn assisted defendant with model recruiting and production work and exchanged ideas regarding Cyber Graphics use of the trademark THUG PORN. Glenn Dec. 5¶

16.  Upon information and belief, On Sept. 19, 2001 Defendants purchased the website www.thugporn.tv in bad faith and knowing of Plaintiffs prior use.

17.  Defendants' Website www.thugporn.tv may be accessed through Defendants' Domain Name throughout the United States, including the State of New York. Upon information and belief, Defendants have purposely availed themselves to the privilege of doing business within the State of New York by offering and providing services to residents of the State of New York, including this judicial District.

18.  Defendants provide the identical services to the identical market as the Plaintiff's Website, namely, providing homosexual adult entertainment. Defendants compete directly against Plaintiff.

19.  Defendants' Website allows visitors to purchase Defendants' services directly from Defendants' Website.

3

20.  Defendants use the name THUGPORN.TV, and a domain name incorporating a trademark confusingly similar to that applied for by the Plaintiff, for homosexual, adult entertainment services in direct competition with the services provided by Plaintiff.

21.  Defendants' use of THUGPORN.TV as used is confusingly similar to Plaintiff's trademarks THUGPORN.

22.  Defendants' use of THUGPORN.TV and the domain name <thugporno.tv> in connection with homosexual, adult entertainment services which are in direct competition with Plaintiff's THUGPORN services is likely to cause confusion, mistake or deception among the relevant trade and public.

23.  Upon information and belief, Defendants are engaging in this course of action willfully and with full knowledge and awareness of the superior trademark rights of Plaintiff, and with the purpose and intent of confusing the relevant trade and public into mistakenly believing that Defendants' services are associated with, affiliated with, or licensed by Plaintiff.

24.  Plaintiff has suffered, is suffering, and will continue to suffer, irreparable damage to its reputation, potential goodwill and monies spent towards website development and the goodwill accumulated through its trade dress and in its trademark THUGPORN unless Defendants are restrained by this Court.

25.  Plaintiff has invested a substantial amount of money, well over $400,000, in advertising, promotion and creation of the website at www.thugporn.com. Desmond Dec. ¶7.

26.  Plaintiff has no adequate remedy at law.

## COUNT I – TRADEMARK AND TRADE DRESS INFRINGEMENT

27. Plaintiff repeats each and every allegation set forth herein in paragraphs 1 through 26 as through fully set forth herein

28. Defendants' aforesaid activities constitute trademark infringement under the Lanham Action, including Section 43(a) and New York Common Law as discussed *infra*, of Plaintiff's Trademark rights as registered in trademark registration nos. 2,938,064 and 2,934,966, trademark applications 78/337,523 and 78/627,873, and as is currently being used at www.thugporn.com.

29. Defendants' acts complained herein are likely to cause confusion, mistake, and deception of the relevant trade and public who are likely to believe that the services provided by Defendants are related to, connected to, or approved by Plaintiff when in fact they are not.

## COUNT II – FALSE DESIGNATION OF ORIGIN

30. Plaintiff repeats each and every allegation set forth herein in paragraphs 1 through 29 as though fully set forth herein.

31. Defendants' aforesaid activities constitute false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C § 1125(a).

32. Defendants' use of THUGPORN.TV is likely to cause confusion, mistake or deception among the relevant trade and public as to the existence of an affiliation, connection, or association between Defendants and Plaintiff as to the origin, sponsorship or approval of the services provided by Defendants.

## COUNT III– COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

5

33.     Plaintiff repeats each and every allegation set forth herein in paragraphs 1 though 32 as though fully set forth herein.

34.     Defendants' aforesaid activities constitute infringement of Plaintiff's common law trademark THUGPORN and constitute unfair competition under the common law of the State of New York.

**WHEREFORE**, Plaintiff prays that:

A.     Defendants, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants, be permanently enjoined and restrained from:

  1.     Using the name or mark THUGPORN, THUGPORN.TV, or any colorable imitation of Plaintiff's THUGPORN trademark, in connection with the advertisement, promotion or rendering of any administrative staffing services, including, but not limited to, use made at Defendants' Website and use within the domain name <thugporn >;

  2.     Operating any website located at http://www.thugporn.tv; and

  3.     Doing any other act or thing likely to, or calculated to, induce the belief that Defendants or Defendants' business is in any way affiliated, connected or associated with Plaintiff, or Plaintiff's business.

B.     Within ten (10) days after the entry of an order of a permanent injunction, Defendants be required to transfer to Plaintiff or surrender the Internet domain name <thugporn.tv>.

6

C.  Within ten (10) days after the entry of an order for permanent injunction, Defendants be required to notify and direct in writing all publishers of directories in which their <thugporn.tv> domain name appears, including Internet search engines, to delete all references to <thugporn.tv> from their public databases, search engines directories, directory assistance, and from all future directories in which <thugporn.tv> appears, and to delete all forwarding of cache memory or storage mechanisms referencing <thugporn.tv>.

D.  Defendants, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants be required to deliver up for destruction all labels, letterhead, business cards, signs, prints, packages, wrappers, receptacles, advertisements and the like in their possession bearing the name or mark THUGPORN or any other reproduction, counterfeit, copy or colorable imitation of Plaintiff's THUGPORN trademark.

E.  Within ten (10) days after the entry of an order for permanent injunction, Defendants be required to notify in writing all publications (whether print or electronic) in which listings, advertisements or other references to THUGPORN appear or are scheduled to appear, directing them to immediately cancel any references to THUGPORN.

F.  Within ten (10) days after the entry of an order for permanent injunction, Defendants be required to take all steps necessary to change the name THUGPORN under which it is listed as doing business with the Secretary of the State of New York, or any other governmental agencies, including those of the State of New York and any other states.

G.  Within ten (10) days after the entry of an order for permanent injunction, Defendants be required to remove THUGPORN and THUGPORN.TV from any hidden source code, including meta tags, encoded at Defendants' Website.

H.  Within ten (10) days after the entry of an order for permanent injunction, Defendants be required to notify and direct in writing all publishers of electronic directories, including Internet search engine providers, to remove all references to THUGPORN and THUGPORN.TV from their public databases, search engine directories and directory assistance where THUGPORN and THUGPORN.TV appears in connection with Defendants' Website, and to delete all forwarding of "cache memory" or storage mechanisms referencing THUGPORN and THUGPORN.TV in connection with Defendants' Website.

I.  Within ten (10) days after the entry of an order for permanent injunction, Defendants be required to change its business name to one which does not include the word "THUGPORN" and/ or "THUGPORN.TV" and to notify their former and current customers of its name change or that it no longer does business under the name and mark "THUGPORN" and/or "THUGPORN.TV."

J.  Within ten (10) days after the entry of an order for permanent injunction, Defendants be required to notify in writing each of their former and current customers as to the entry of the Court's injunction against using the same mark THUGPORN, or any colorable imitation of Plaintiff's THUGPORN trademark, in connection with their administrative services.

K.  Plaintiff recover the Defendants' profits, as well as the damages sustained by Plaintiff due to Defendants' infringement of Plaintiff's trademark rights, such amount of profits and damages to be trebled in accordance with the provisions of 15 U.S.C §§ 1117.

L.  Pursuant to 15 U.S.C § 1117(d), Defendants be required to pay statutory damages arising from its violation of Section 43(d)(1)(A) of the Lanham Act.

M.  Defendants be required in accordance with 15 U.S.C § 1116 to file with the Court and serve upon Plaintiff a report in writing under oath setting forth in detail the manner and form in which Defendants has complied with the terms of the injunction.

N.  Awarding Plaintiff such damages, including compensatory and punitive damages, as are appropriate in view of the conduct, including the willful conduct, on the part of Defendants.

O.  Defendants be required to pay Plaintiff the costs of this action, together with reasonable attorney's fees and disbursements.

P.  Plaintiff to have such other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues properly triable by jury in this action.

Dated: May 19, 2005
       New York, New York

Respectfully Submitted,

_____
Jennifer Meredith (JM 4816)
**Meredith & Keyhani, PLLC**
330 Madison Avenue
6th Floor
New York, New York 10017
Telephone (212) 760-0098
Facsimile (212) 202-3819

Attorney for Plaintiff
Pitbull Productions, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

PITBULL PRODUCTIONS, Inc.
        Plaintiff,

v.

Enrique Cruz individually
and d/b/a Enrique Cruz presents,
        Defendant.

-------------------------------------------------------x

Civ.

## DECLARATION OF EDWARD DESMOND

Edward Desmond declares:

1. I am the owner of Pitbull Productions, Inc.

2. I also have an ownership interest in a company called Cybergraphics Industries.

3. Cybergraphics Industries was formed prior to December 1998.

4. Cybergraphics Industries used the trademark Thugporn and/or thugporn.com at least as early as December 1998.

5. I have worked with Tyrome Glenn since at least 1998 in various businesses and professional capacities.

6. Around December 1998, I asked Mr. Glenn to obtain a number of domain names on my behalf, including www.thugporn.com.

7. Pitbull Productions, Inc. has spent over $400,000 to create and promote a website for publication at www.thugporn.com.

I declare under the penalty of perjury that, to the best of my knowledge and belief, the foregoing is true and correct.

Dated: 09. MAY. 05

Edward Desmond
Pitbull Productions, Inc.

## Declaration of Tyrome Glenn

I, Tyrome Glenn declare:

1. I am the creative director at Cyber Graphics Industries.

2. Cyber Graphics Industries is a subsidiary of Pitbull Productions, Inc.

3. I registered the domain name thugporn.com on December 17, 1998.

4. Pitbull Productions and Cyber Graphics Industries have used the trademark Thug Porn continuously since December 17, 1998.

5. I assisted Mr. Rodriguez aka Enrique Cruz with model recruiting and production work, in Miami, from the summer of 2000 through fall 2001 on at least two of his trips to Miami in that time period. We filmed on location, had lunches with him, and visited clubs to promote his adult business. We exchanged information and ideas including my use of the name Thug Porn, in my business.

6. At no time did I grant to Mr. Rodriguez permission to use the name Thug Porn.

I declare under the penalty of perjury that, to the best of my knowledge and belief, the foregoing is true and correct.

_Tyrome Glenn_
Tyrome Glenn